**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SARAH STATON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | 1:07-cv-1643-LJM-DML |
| ) | |
| JAMES PAYNE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment**

Summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[2] "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."[3] In this case, the plaintiffs have not opposed the motion for summary judgment and the time within which they could have done so has expired. The consequence of this is that they have conceded the defendants' versions of the facts.[4] This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn.[5]

---

[1] *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

[2] *Celotex,* 477 U.S. at 323.

[3] FED. R. CIV. P. 56(e)(2).

[4] *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiffs were notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

[5] *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The defendants in this action have met their burden through their motion and supporting materials, and the plaintiffs have failed in their responsibility to demonstrate that such a genuine issue of material fact exists. In particular, the defendants have shown without contradiction that: (1) defendant Payne lacked the personal responsibility in any of the events alleged in the complaint required to support liability under 42 U.S.C. § 1983;[6] (2) the plaintiffs' claims of defamation are not actionable under § 1983;[7] (3) claims based on Indiana state law are not actionable under § 1983;[8] (4) the discussion of a child's health with her father by personnel of an agency not a covered entity under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA is not actionable;[9] and (5) the defendants who supplied information to the juvenile court and/or who testified concerning plaintiff Sarah Staton's children are entitled to qualified immunity under the circumstances.[10]

Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."[11] This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate efficiently. For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment (dkt 39) is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/24/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

---

[6]"Because vicarious liability is inapplicable to . . . [42 U.S.C.] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009).

[7]*Robbins v. Bentsen*, 41 F.3d 1195, 1200 (7th Cir. 1994)("the Constitution does not protect individuals against mere defamation")(citing *Paul v. Davis*, 424 U.S. 693, 711-12 (1976)).

[8] *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . .").

[9]If a HIPAA violation occurs, the statute does not provide a private cause of action to the individual but merely provides an enforcement mechanism for the Secretary of Health and Human Services. *Pierre v. County of Broome,* 2007 WL 625978, at *9 (N.D.N.Y. Feb.23, 2007).

[10]*Scheib v. Grant,* 22 F.3d 149, 157 (7th Cir. 1994).

[11]*Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).