UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SARAH STATON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | 1:07-cv-1643-LJM-DML |
| ) | |
| JAMES PAYNE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Reconsideration**

This cause is before the court on the plaintiffs' motion for reconsideration (dkt 45). That motion was filed with the clerk on April 8, 2010 and is directed to the Judgment entered on the clerk's docket on March 25, 2010.

Given the timing of the plaintiffs' motion for reconsideration relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiffs' claim, nor did it misapply the law to that claim in light of the applicable law. The plaintiffs' arguments otherwise in their motion for reconsideration suffer from a common deficiency: "[M]otions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994) (quoting *Dow v. United Bhd. of Carpenters*, 1 F.3d 56, 58 (1st Cir. 1993)). Accordingly, the post-judgment motion for reconsideration, treated as a motion to alter or amend judgment (dkt 45), is **denied.**

**IT IS SO ORDERED.**

Date: 04/13/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David A. Arthur
David.Arthur@atg.in.gov

Eric James Beaver
eric.beaver@atg.in.gov

B. S.
6632 Sonesta Drive
Indianapolis, IN 46217

Sarah Staton
6632 Sonesta Drive
Indianapolis, IN 46217

Rita Staton
6632 Sonesta Drive
Indianapolis, IN 46217

Steve Staton
6632 Sonesta Drive
Indianapolis, IN 46217